IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRO. T. HESED-EL, | ) | |
| Plaintiff, | ) | Civil Action No. CV 119-285 |
| v. | ) | |
| JOHN DOE, et al., | ) | |
| Defendants. | ) | |

## MOTION FOR LEAVE TO AMEND COMPLAINT

COMES NOW Plaintiff, Bro. T. Hesed-El, and respectfully moves the Court to grant him leave to file the attached amended complaint. By this amendment, the defendants of this action have been changed to: John Doe ("JD"), Robin Bryson ("RB"), former Sheriff Jack Van Duncan ("JVD"), Sheriff Quentin Miller ("QM"), Mission Hospital, Inc. ("MHI"), Hospital Does 1-10 ("HD"), County of Buncombe ("BC"), and Western Surety Company ("Surety"), collectively referred herein as the ("Defendants"). In support of this motion, Plaintiff shows as follows:

### BACKGROUND

On 09/20/2016, without probable cause, an unidentified deputy of the Buncombe County Sheriff's Office arrested Plaintiff and transported him to MHI for a psychiatric evaluation. At the time of arrest, Plaintiff did not know that he was being transported to MHI as part of an IVC proceeding, instead, he was under the impression that he was being accused/charged with trespassing and/or indecent exposure. As a result of that unlawful arrest, Plaintiff was stigmatized and subjected to cruel and unusual punishments by the Sheriff's agents for 16 days; Plaintiff was denied his choice of counsel; and Plaintiff was denied a court hearing, in violation of law.

While Plaintiff was confined in MHI, BC retained custody and MHI's employees acted as its agents in misusing the state's IVC laws to restrict Plaintiff's free exercise of religion and liberty.

During that time, Plaintiff suffered multiple forcible injections, assaults, and batteries. Plaintiff was severely traumatized because of the mistreatment he endured while in Defendants' custody. Defendant's last wrongful act occurred on October 6, 2016. After Plaintiff was discharged from the hospital, he could no longer function the same. It took Plaintiff nearly 2 years to recover from the post-traumatic stress and other non-economic injuries caused by the Defendants misconduct. After Plaintiff recovered enough from the injuries and gained sufficient facts, he filed this lawsuit.

On October 7, 2019, the District Clerk docketed Plaintiff's complaint and the defendants were listed therein as: (1) "John Doe"; (2) "Robin Bryson"; (3) "Mission Hospital, Inc."; and (4) "John/Jane Does 1-10 (unidentified state actors)/unidentified State Does 1-10". Plaintiff commenced this suit within three (3) years of the date of the Defendants' last wrongful act.

On December 09, 2019, the District Clerk issued a summons for Robin Bryson and Mission Hospital, Inc. By law, Plaintiff was permitted until March 9, 2020 to serve Robin Bryson and Mission Hospital, Inc. On February 20, 2020, Plaintiff amended his complaint as a matter of course under FRCP Rule 15 in order to substitute Buncombe County in place of *unidentified state actor/State Doe 1*. On February 20, 2020, the Clerk issued the summons for Buncombe County. Plaintiff had ninety days from that date to serve Buncombe County. On March 4, 2020, RB, MHI and BC were served with the amended complaint and summons within the applicable Rule 4(m) period. On March 12, 2020, RB and MHI made a general appearance in this action. On March 20, 2020, Buncombe County made a general appearance in this action. On March 27, 2020, Buncombe County filed a motion dismiss under Rule 12(b)(6) on the grounds of failure to state a claim.

The attached 2nd Amended Complaint addresses the concerns raised by BC in its motion to dismiss; the amendment strengthens Plaintiff's claims asserted in the First Amended Complaint;

and it substitutes Defendants Jack Van Duncan, Quentin Miller, and Western Surety Company in place of *Defendants State Doe 2, State Doe 3, and State Doe 4*, respectively.

## MEMORANDUM AND POINTS OF AUTHORITY

Plaintiff's 2nd Amended Complaint is not futile, does not follow an undue delay, is not made in bad faith or with a dilatory motive, and will not prejudice the Defendants. Since the above named Defendants severely violated Plaintiff's rights, justice requires this action against them.

### *Original Timely Complaint*

Under North Carolina law, the statute of limitations for a personal injury claim runs after the cause of action has accrued. *See* N.C. G.S. § 1-15(a). The Supreme Court of North Carolina held that "a right of action accrues to an injured party so as to start the running of the statute of limitations when he is at liberty to sue". Acceptance Corp. v. Spencer, 268 N.C. 1, (N.C. 1966).

"[C]ivil actions can only be commenced after the cause of action has accrued. But, when the damage is not readily apparent to the claimant, the action accrues at the time of the happening of the last wrongful act of the defendant and suit must be brought within three years of that accrual. Webster v. Powell, 98 N.C. App. 432, 440-41 (N.C. Ct. App. 1990).

In cases involving a medical malpractice/negligence claim, the three-year statute of limitations "begins to run from defendant's last act giving rise to the claim or from substantial completion of some service rendered by defendant." Harrold v. Dowd, 149 N.C. App. 777, 781 (N.C. Ct. App. 2002).

As stated above, Plaintiff was confined in MHI from September 20, 2016 to October 5, 2016. Plaintiff was not at liberty to sue until he was released from the Defendants' custody. Moreover, Plaintiff suffered from debilitating PTSD for nearly two years after his release. Further, the Defendants continually violated Plaintiff on a daily basis from 09/20/2016 thru 10/05/2016.

Under federal law, the statute of limitations for a personal injury claim accrues when the plaintiff "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995). Plaintiff gained possession of sufficient facts about the Defendants' constitutional violations and state torts no earlier than January 17, 2019. *See* also Nat'l Advert. Co. v. City of Raleigh, 947 F.2d 1158, 1162 (4th Cir. 1991) (holding that accrual of the statute of limitations is a matter of federal law). Under federal law, Plaintiff would have been required to file his complaint on or before January 17, 2022. If we are using the general state accrual standard, however, Plaintiff's complaint was due by October 7, 2019. Under N.C. G.S. 1A-1, Rule 6a and FRCP Rule 6(1)(C), the time to file was extended to the next business day because October 5, 2019 fell on a Saturday.

As the record shows, Plaintiff's initial complaint under this case number was filed timely on October 7, 2019. Each of his subsequent amendments relate back to that date of filing because each amendment asserts a claim that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading. Further, any changes to the listed defendants relates back as well because each putative defendant joined by amendment received notice of the action and knew this suit would be brought against them.

### *Tolling of Statute of Limitations*

This suit was properly instituted *in forma pauperis* on October 7, 2019. The statute of limitations was tolled on that date, is *still* tolled right now, and will remain tolled until the final disposition of this matter. Plaintiff served all available summons within the ninety day timeframe allowed by law and the statute of limitations has not expired during the pendency of this action. "[T]he statute of limitations is tolled when suit is properly instituted, and it stays tolled as long as the action is alive." Long v. Fink, 80 N.C. App. 482, 485 (N.C. Ct. App. 1986).

Page 4 of 9
Case 1:19-cv-00285-MR-WCM Document 17 Filed 04/13/20 Page 4 of 9

### *No Prejudice*

First, the unidentified deputy of Buncombe County who arrested Plaintiff also failed to disclose to Plaintiff that he was not under arrest and had not committed a crime. The deputy did not inform Plaintiff as required by N.C.G.S. § 122C-251(c). The unidentified deputy of Buncombe County who arrested Plaintiff also intentionally concealed his identity which misled and induced Plaintiff to file his complaint against "John/Jane Does 1-10 (unidentified state actors)" [Doc. 1, p. 3, Defendant 4]. In Plaintiff's complaint, he clearly made allegations against Buncombe County's Sheriff (*See* Doc. 1, p. 11, ¶ 7; *see also* Doc. 8, p. 14, ¶¶ 12-14), but by mistake, the Sheriffs, Buncombe County and Western Surety Company were not originally named as defendants. Also, if the Defendants would have been more forthcoming with their disclosures in response to Plaintiff's requests, perhaps Plaintiff could have included all the putative defendants at an earlier date. Regardless, whatever prejudice Defendants may try to argue exists, it is attributable only to the Defendants wrongdoing, and cannot, therefore, be fairly characterized as undue.

Second, when Plaintiff served his First Amended Complaint on Defendants BC, MHI, and RB on March 4, 2020, within the Rule 4(m) period, which relates back to the original pleadings filed October 7, 2019, Defendants Jack Van Duncan, Quentin Miller, and Western Surety Company knew or should have known that plaintiff would have brought the action against them. The reason why the putative defendants were not named was due to "but for a mistake concerning the proper party's identity" and Defendants concealment of records. Fed. R. Civ. P. 15(c)(1)(C)(ii).

"The Fourth Circuit does not focus on the reason for a plaintiff's *mistake* in the original pleading, but rather reads Rule 15's *mistake* language to require that the prospective defendant must have expected or should have expected, within the limitations period, that it was meant to be named a party in the first place." Robinson v. Clipse, 602 F.3d 605, 609-10 (2010)

(quoting Goodman v. Praxair, Inc., 494 F.3d 458, 471 (4th Cir. 2007) (en banc)) (internal quotation marks omitted) (emphasis added). Under Rule 15(c)(1)(C), the Rule 4(m) service period is the *limitation period* for purposes of analyzing whether the newly added defendant received notice and should have had knowledge of the action.

Here, notwithstanding plaintiff's filing of his original timely Complaint against John/Jane Does 1-10 (unidentified state actors)/State Does 1-10, Defendants should have known that Buncombe County, former Sheriff Duncan, Sheriff Miller, and Western Surety Company were meant to be named a party in the first place when the complaint was served on March 4, 2020 within the limitation period. *See* Id., at 609-10 (quoting Goodman, 494 F.3d at 471).

Here, an agent/principal relationship exists between all the defendants, therefore, they've all had notice of the initial complaint and amended complaint since March 4, 2020. By law, notice to RB/MHI *is notice to* BC, and notice to BC *is notice to* JVD, QM, and Surety. *See* Huggard v. Wake County Hospital System, 102 N.C. App. 772, 776 (1991) (holding that a nexus between defendants permits relation back of the amendment under FRCP 15); *see also* Passmore v. Woodard, 37 N.C. App. 535, 541 (1978) (holding that notice to agent is notice to principal).

Third, the putative defendants, former Sheriff Duncan and Sheriff Miller, whose principal, Buncombe County, was named as a defendant in the 1st Amendment, and whose agents, Robin Bryson and Mission Hospital Inc., were named as defendants in the original timely complaint, will not be prejudiced in defending this action. Under *Robinson* at 609, the Rule 4(m) period begins to run after issuance of the summons, and Rule 15(c)(1)(C)'s requirements are satisfied upon service.

Importantly, the Fourth Circuit's position is that such putative defendants "would have been in the same position" had they been named in the original timely Complaint and 1st Amendment. *Id.* Here, Plaintiff's proposed amendment changing the parties to include Buncombe

County, former Sheriff Duncan, Sheriff Miller, and their surety, Western Surety Company, does not prejudice the Defendants for similar reasons; the proceedings have not advanced without their participation, and Defendants would have received the same notice had they been named in the original and amended pleadings but not learned of the action until service was made within the Rule 4(m) period. *See* Id.

Accordingly, service of Plaintiff's First Amended Complaint on Buncombe County within the Rule 4(m) period met Rule 15(c)(1)(C)'s requirements, and relates back to Plaintiff's original timely Complaint filed on October 7, 2019. Therefore, Plaintiff's Second Amended Complaint, once it is served on the above named defendants, must also relate back to Plaintiff's original timely Complaint filed on October 7, 2019. The putative defendants will be given a fresh opportunity to respond to the second amended complaint. *See* Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011) (explaining that a defendant will be allowed to plead anew in response to an amended complaint, as if it were the initial complaint.)

### *No Bad Faith or Dilatory Motive*

Plaintiff did not bring this action in bad faith. Plaintiff sincerely seeks to recover the damages caused by the Defendants' misconduct. Although Plaintiff made some mistakes induced by the Defendants' concealment regarding the identities of the defendants in his original pleading and 1st Amendment, Plaintiff now humbly seeks leave of the Court to correct those mistakes.

### *No Undue Delay*

Plaintiff's 2nd Amended Complaint does not follow an undue delay. The County filed its responsive pleading on 3/27/2020. Plaintiff proposes this amendment less than 30 days from that date. A time period of less than 30 days does not constitute an undue delay. Plaintiff changed the *State Doe* names to substitute in the responsible parties as soon as he realized his mistakes.

### *Not Futile*

Plaintiff's 2nd Amended Complaint is not futile. It clearly states plausible claims against the Defendants as evidenced by established facts. It is not subject to immediate dismissal. Plaintiff is entitled to relief. Plaintiff's complaint satisfies FRCP Rules 8 and 11. "[T]he crucial question in determining whether or not a proposed amended complaint states a claim—and therefore whether the amendment would be futile—is whether the complaint contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." As explained above, Plaintiff has satisfied this standard. <u>Estate of Faull v. McAfee</u>, No. 17-12694, 7-8 (11th Cir. Feb. 13, 2018).

### STANDARD OF REVIEW

"[M]otions to amend are freely granted in the absence of undue delay, futility, or prejudice to the opposing party." <u>High Voltage Beverages, L.L.C. v. Coca-Cola Company</u>, No. 3:08-CV-367, 3 (W.D.N.C. Jun. 8, 2010). "Under the Federal Rules, leave to amend a complaint that is requested after a responsive pleading has been filed shall be freely given when justice so requires. <u>Sibley v. Lando</u>, 437 F.3d 1067, 1073 (11th Cir. 2005) (internal quotes omitted).

### CONCLUSION

WHEREFORE, Plaintiff's motion for leave to file the attached amended complaint should be granted. Plaintiff asks the Court to direct the District Clerk to issue summons for former Sheriff Jack Van Duncan, Sheriff Quentin Miller, and Western Surety Company.

Respectfully, this 11th day of April 2020 A.D.

Plaintiff Bro. T. Hesed-El
c/o TAQI EL AGABEY MANAGEMENT
30 N. Gould Street, Suite R
Sheridan, WY 82801
Ph: (762) 333-2075
teamwork3@gmail.com

CERTIFICATE OF SERVICE

The undersigned certifies that the defendants have been electronically served with *Plaintiff's Motion to Amend Complaint*, by attachment to an email, to ensure delivery to:

**County of Buncombe**
c/o Attorney Curtis W. Euler
200 College Street, Suite 100
Asheville, NC 28801
Phone: (828) 250-4177
Fax: (828) 250-6040
curt.euler@buncombecounty.org

**Robin Bryson and Mission Hospital, Inc.**
c/o Attorneys Richard S. Daniels and Brian D. Gulden
Patla, Straus, Robinson & Moore, P.A.
Post Office Box 7625
Asheville, North Carolina 28801
Telephone: (828) 255 7641
Facsimile: (828) 258 258-9222
rsd@psrmlaw.com
bdg@psrmlaw.com

This 11th day of April 2020 A.D.

_____
NATURAL PEOPLE LAW