IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 285 MR WCM

| | | |
|---|---|---|
| BRO. T. HESED-EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| JOHN DOE, in his individual and official capacity; ROBIN BRYSON, licensed clinical social worker, in her individual and official capacity; MISSION HOSPITAL, individual and official capacity; COUNTY OF BUNCOMBE | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court on multiple motions: (1) Buncombe County's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted (Doc. 14); (2) Plaintiff's Motion to Amend Complaint (Doc. 17); (3) a Motion to Dismiss filed by Defendants Robin Bryson and Mission Hospital, Inc. (Doc. 19); (4) Plaintiff's Motion for Sanctions Against the County (Doc. 22); and (5) Plaintiff's Motion to Strike Defendants' Affirmative Defenses (Doc. 25).

This is the second suit Plaintiff has filed arising out of his allegedly improper involuntary commitment at Mission Hospital and its Copestone Psychiatric facility from September 20, 2016 through October 5, 2016.

1

On September 23, 2019, Plaintiff, identifying himself only as "Confidential Plaintiff" or "CP" filed a complaint against "John Doe," "R.B.," "MHI," "Officer Doe," and "Paramedic Doe" for damages arising from his allegedly "unlawful medical detainment and wrongful involuntary commitment. See C.P. v. John Doe, et al., No. 1:19-cv-271-MR-WCM, United States District Court, Western District of North Carolina, Asheville Division (the "First Suit"). On October 1, 2019, the First Suit was dismissed by the presiding District Judge, the Honorable Martin Reidinger, for lack of subject matter jurisdiction.

As Judge Reidinger explained in the Order dismissing the First Suit:

> The United States Supreme Court has exclusive jurisdiction over appeals from state-court judgments. See 28 U.S.C. § 1257(a); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). As a corollary to this rule, the Rooker-Feldman doctrine prohibits "a party losing in state court . . . from seeking what in substance would be an appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). "The Rooker-Feldman doctrine bars lower federal courts from considering not only issues raised and decided in state courts, but also issues that are 'inextricably intertwined' with the issues that are before the state court." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quoting Feldman, 460 U.S. at 486). As the Fourth Circuit has explained, "if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is,

2

> by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside the jurisdiction of the federal district court." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006).
>
> The Supreme Court has cautioned that Rooker-Feldman is a "narrow doctrine" which "is confined to cases of the kind from [which] the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Accordingly, pursuant to Exxon, the Court must examine "whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the Rooker-Feldman doctrine does not apply." Davani, 434 F.3d at 718 (footnote omitted); Moore v. Idealease of Wilmington, 465 F.Supp.2d 484, 490 (E.D.N.C. 2006).
>
> Throughout his Complaint, the Plaintiff appears to be challenging the validity of the involuntary commitment order issued by the state court. To the extent that the Plaintiff does not allege any injury independent of this state-court action, the Court concludes that such claims must be dismissed pursuant to the Rooker-Feldman doctrine for lack of subject matter jurisdiction. If the Plaintiff wishes to challenge the validity of the state court's commitment order, he must do so in the North Carolina state courts.
>
> First Suit, Doc. 6, pp. 9-10.

On October 7, 2019, Plaintiff filed his Complaint in the above-captioned suit. Doc. 1. On February 20, 2020, and prior to service on any defendant, Plaintiff filed an Amended Complaint. Doc. 8.

3

In his Amended Complaint, Plaintiff asserts that the Rooker Feldman doctrine is inapplicable because no commitment hearing was held by the state court and he is not challenging a state-court decision. See Doc. 8, p. 8 ("this complaint is not about the false and contradictory findings that MHI's staff wrote in the first examination, psychiatric notes, interviews, and second examination. This action is about their reckless disregard of required IVC protocol and Plaintiff's rights, interests, and safety. TAKE NOTICE that no commitment hearing was ever held in this matter and Plaintiff is not challenging a state-court decision."). However, when setting forth the relief he seeks, Plaintiff "demands monetary compensation and *complete expungement of records of IVC proceedings.*" Doc. 8, p. 5 (emphasis added). Defendants do not address the Rooker-Feldman doctrine in their Motions to Dismiss.

"Courts must generally decide jurisdictional issues first. That is certainly true of subject matter jurisdiction: courts must always assure themselves of subject matter jurisdiction before reaching the merits, even if the parties have not raised it." Virginia Dep't of Corr. v. Jordan, 921 F.3d 180, 187 (4th Cir. 2019), *cert. denied*, 140 S.Ct. 672 (2019).

Accordingly, the parties will be given an opportunity to address this issue in further detail.

**IT IS HEREBY ORDERED** that Plaintiff; Robin Bryson and Mission Hospital, Inc.; and the County of Buncombe are each **DIRECTED** to file, on or before June 11, 2020, a supplemental brief, not to exceed five (5) pages each, addressing the potential applicability of the Rooker-Feldman doctrine to Plaintiff's current claims. Should any party seek leave to file a response to the supplemental brief of any other party, such request must be made by way of a motion pursuant to the Local Rules.

Signed: May 21, 2020

W. Carleton Metcalf
United States Magistrate Judge