IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 285 MR WCM

| | | |
|---|---|---|
| BRO. T. HESED-EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHN DOE, ROBIN BRYSON, | ) | |
| MISSION HOSPITAL, HOSPITAL | ) | |
| DOES 1-10, COUNTY OF BUNCOMBE | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the following motions:

1. "Plaintiff's Urgent Motion for Minimal Redaction of His Supplementary Brief on the Rooker-Feldman Doctrine" (the "Motion to Redact," Doc. 39);

2. Plaintiff's Motion for Leave to Respond to Supplemental Brief (the "Motion for Leave to Respond," Doc. 48); and

3. Plaintiff's Motion to Amend Complaint (the "Motion to Amend," Doc. 17).[1]

---

[1] By separate Memorandum and Recommendation, the undersigned has also addressed: (1) Buncombe County's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted (Doc. 14); (2) Defendants Robin Bryson and Mission Hospital, Inc.'s Motion to Dismiss (Doc. 19); and Plaintiff's Motion for Equitable Tolling (Doc. 35).

1

## I. Relevant Procedural Background

This case arises out of Plaintiff's involuntary commitment ("IVC") at Mission Hospital and its Copestone facility.[2]

On October 7, 2019, Plaintiff filed his original Complaint in the above-captioned matter naming the following defendants: 1) John Doe; 2) Robin Bryson, LCSW ("Bryson"); 3) Mission Hospital, Inc. ("Mission Hospital"); and 4) John/Jane Does 1-10 (unidentified state actors). Doc. 1.

On February 20, 2020, and prior to service on any defendant, Plaintiff filed an Amended Complaint (the "Amended Complaint") naming 1) John Doe; 2) Bryson; 3) Mission Hospital; and 4) Buncombe County (the "County"). Doc. 8, pp. 2-3. The introductory paragraph of Plaintiff's "Complaint Attachment" also refers to "Hospital Does 1-10" as defendants. Doc. 8, p. 7.

On March 27, 2020, the County filed a Motion to Dismiss. Doc. 14. Plaintiff made filings in opposition to that Motion, and also filed the Motion to Amend. Doc. 17. The County has responded to the Motion to Amend, and Plaintiff has replied. Docs. 21 & 26.

On May 22, 2020, the Court directed the parties to submit supplemental briefing addressing the potential applicability of the Rooker-Feldman doctrine.

---

[2] A more extensive recitation of Plaintiff's allegations is set forth in the Memorandum and Recommendation.

Doc. 32. Plaintiff's Motion to Redact and his Motion for Leave to Respond are related to the parties' Rooker-Feldman briefing. Docs. 39 & 48.

II. Law and Analysis

### A. Plaintiff's Motion to Redact (Doc. 39)

In the Motion to Redact, Plaintiff seeks leave to file a new brief regarding the applicability of the Rooker-Feldman doctrine that redacts the case number of his state court IVC proceeding. Plaintiff asserts that the case number is confidential because the filings in the IVC proceeding are confidential and that, without redaction, he is "unnecessarily expose[d]" to "public scrutiny of his mental health" which "may cause further damages to his reputation." Doc. 39, p. 1; see also Doc. 39, p. 2.

However, Plaintiff has not provided any legal authority to support the need for redacting the case number of the IVC proceedings, nor has he sufficiently explained why such a redaction is necessary. Further, the County represents in its Supplemental Brief that "Plaintiff's involuntary commitment proceeding is sealed and cannot be viewed without a court order," Doc. 45, p. 2 n. 1, and there is no indication that this representation is incorrect.

Accordingly, the undersigned will deny "Plaintiff's Urgent Motion for Minimal Redaction of His Supplementary Brief on the Rooker-Feldman Doctrine" (Doc. 39).

### B. Plaintiff's Motion for Leave to Respond (Doc. 48)

Through this Motion, Plaintiff seeks leave to submit an additional 2-page response, Doc. 48-1, to Defendants' filings regarding the Rooker-Feldman doctrine. Plaintiff argues that the County's Supplemental Brief addressing the Rooker-Feldman doctrine is "dishonest" because it "misrepresents" Plaintiff's Complaint and that the Hospital Defendants' Supplemental Brief is "disobedient" because it exceeded the page limitation set by the Court's May 22, 2020 Order. Doc. 48, pp. 1-2.

It does not appear to the undersigned that the County's briefing should be considered "dishonest." Further, with respect to Plaintiff's assertion that the Hospital Defendants disobeyed the Court's Order, the Hospital Defendants have filed an amended Supplemental Brief that complies with the page limitation. See Docs. 54 & 55.

Nonetheless, in light of Plaintiff's *pro se* status, the Court has considered the arguments set forth in Plaintiff's Motion for Leave to Respond and will grant Plaintiff's Motion for Leave to Respond to Defendants' Supplementary Brief (Doc. 48).

### C. Plaintiff's Motion to Amend (Doc. 17)

In his Motion to Amend, Plaintiff seeks to substitute former Sheriff Jack Van Duncan ("Duncan"), Sheriff Quentin Miller ("Miller"), and Western Surety Company ("Western Surety") "in the place of Defendants State Doe 2, State

4

Doe 3, and State Doe 4," Doc, 17, p. 3; see also Doc. 17-1, ¶ 68 ("Defendants JVD and QM are agents of Buncombe County and liable for the acts and omissions of their deputies that caused Plaintiff harm.").[3] That is, the Motion to Amend seeks to add these additional parties in connection with Plaintiff's claims against the County.

When considering requests for leave to amend, courts are guided by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that leave to amend should be freely given when justice so requires, and "by the general policy embodied in the Federal Rules favoring resolution of cases on their merits." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980), cert. denied, 448 U.S. 911 (1980). More specifically, "[i]n the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. the leave sought should as the rules require, be 'freely given.'" Forman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Equal Rights Ctr. v. Niles Bolton

---

[3] Plaintiff's proposed Second Amended Complaint (Doc. 17-1) also includes an allegation that the County "waived its governmental immunity by purchasing an insurance policy applicable to the injuries alleged in this complaint…." Doc. 17-1, ¶ 66. Because the undersigned is recommending that all of Plaintiff's claims against the County be dismissed as time-barred, the undersigned does not reach the issue of the County's waiver of immunity.

5

Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citing Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)); Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) ("Under Rule 15, a 'motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile.'").

"Where the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied." United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000); Everett v. Prison Health Services, 412 Fed. Appx. 604, 605 (4th Cir. 2011) (unpubl.) (per curium) ("Where a proposed amendment is made beyond the statute of limitations and it would not relate back to the original complaint, such an amendment would be futile.").

Here, as described in the accompanying Memorandum and Recommendation, a three-year statute of limitations applies to all of Plaintiff's claims, with October 7, 2019 being the latest date upon which any of Plaintiff's claims could be considered timely filed.

As further explained in the accompanying Memorandum and Recommendation, the statute of limitations as to Plaintiff's claims against the County was not tolled and Plaintiff's claims against the County, which were first asserted in the February 20, 2020 Amended Complaint, do not relate back to the filing of Plaintiff's original Complaint. Accordingly, Plaintiff's proposed new claims against Duncan, Miller, and Western Surety are likewise untimely

6

and the undersigned will deny Plaintiff's Motion to Amend Complaint (Doc. 17) as futile.

### III. Miscellaneous Matters

#### A. Notice of Leave of Absence

On May 23, 2020, Plaintiff filed a Notice of Leave of Absence (the "Notice," Doc. 23) in which he states that there are various periods of time during which he "will be away" attending a religious convention, family vacation, CLE, or traveling outside of the country. Plaintiff asserts that the Notice is made "pursuant to Local Rule 83.9" and that "[a]ll affected judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the leave may be granted as a matter of course." Doc. 23, p. 1.

Plaintiff is advised that secured leave is not recognized by this Court. Further, this district's local civil rules do not include a Rule 83.9.

#### B. Service on Doe Defendants

The undersigned notes that although Plaintiff has named "John Doe" ("the individual MHI patient who assaulted Plaintiff while in the care and custody of Mission Hospital, Inc.") and "Hospital Does 1-10" as defendants (Doc. 8, ¶ 2 & p. 7), there is nothing in the record to indicate that Plaintiff has served or attempted to serve those parties.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in

7

pertinent part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiff is therefore advised that unless good cause is shown for his failure to effect service of Summonses and the Amended Complaint on "John Doe" and/or "Hospital Does 1-10", the undersigned will recommend that Plaintiff's action against these Defendants be dismissed without prejudice.

### C. Request for Judicial Notice

On June 23, 2020, Plaintiff filed a Request for Judicial Notice which asks the Court to take judicial notice of certain facts or positions (the "Request," Doc. 51) including that "Buncombe County is a subdivision of the State of North Carolina," a definition of the word "state," that Mission Hospital is a non-profit hospital with a location in Asheville, that venue is proper in this District, and that the record includes certain statements (quotes from Plaintiff's previous filings). See Doc. 51, pp. 1-7.

Both the Hospital Defendants and the County have filed responses

8

Case 1:19-cv-00285-MR-WCM Document 62 Filed 10/09/20 Page 8 of 10

to the Request, and Plaintiff has replied. Docs. 58, 59, & 61.

Substantive consideration of whether judicial notice should be taken as Plaintiff requests is not necessary at this time. The County is a citizen of North Carolina, see Moor v. County of Alameda, 411 U.S. 693, 718, 93 S.Ct. 1785, 1800, 36 L.Ed.2d 596 (1973) ("[F]or purposes of diversity of citizenship, political subdivisions are citizens of their respective States.") (quoting Illinois v. City of Milwaukee, 406 U.S. 91, 97, 92 S.Ct. 1385, 1390, 31 L.Ed.2d 712 (1972)), no Defendant has raised an argument that venue in this District is improper, and the allegations and assertions in Plaintiff's pleadings are a matter of record.

**IT IS THEREFORE ORDERED** that:

1. "Plaintiff's Urgent Motion for Minimal Redaction of His Supplementary Brief on the Rooker-Feldman Doctrine" (Doc. 39) is **DENIED**.

2. Plaintiff's Motion for Leave to Respond to Defendants' Supplementary Brief (Doc. 48) is **GRANTED**.

3. Plaintiff's Request for Judicial Notice (Doc. 51) is **DENIED**.

4. Plaintiff's Motion for Leave to Amend Complaint (Doc. 17) is **DENIED**.

5. Plaintiff is **DIRECTED** to file, by October 23, 2020, a response of no more than five (5) pages in length explaining why the Defendants identified as "John Doe" and "Hospital Does 1-10" have not been served and why Plaintiff's claims against those Defendants should not be dismissed without prejudice for lack of service.

Signed: October 9, 2020

W. Carleton Metcalf
United States Magistrate Judge