THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00285-MR-WCM

| | |
|---|---|
| **BRO T. HESED-EL,** ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **JOHN DOE, ROBIN BRYSON,** ) <br> **MISSION HOSPITAL, HOSPITAL** ) <br> **DOES 1-10, and COUNTY OF** ) <br> **BUNCOMBE,** ) <br> ) <br> Defendants. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on "Buncombe County's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted" [Doc. 14]; "Motions to Dismiss by Defendants Robin Bryson and Mission Hospital, Inc" [Doc. 19]; the Plaintiff's Motion for Equitable Tolling [Doc. 35]; the Magistrate Judge's Memorandum and Recommendation [Doc. 63] regarding the disposition of those motions; the Plaintiff's Motion for Reconsideration [Doc. 66]; and the Plaintiff's Motion to Strike [Doc. 72].

### I.  BACKGROUND

On October 7, 2019, the *pro se* Plaintiff Bro T. Hesed-El (the "Plaintiff") filed a complaint against Defendants John Doe, Robin Bryson, Mission

Hospital, and John/Jane Does 1-10. [Doc. 1 at 2–3]. Prior to serving process on any of the Defendants, the Plaintiff filed an Amended Complaint against John Doe, Bryson, Mission Hospital, and Buncombe County. [Doc. 8 at 2–3]. The Amended Complaint included an attachment which refers to "Hospital Does 1-10" as defendants. [Doc. 8 at 7].

On March 27, 2020, Buncombe County filed their Motion to Dismiss. [Doc. 14]. The Plaintiff moved for leave to amend the complaint on April 13, 2020. [Doc. 17]. On April 24, 2020, Defendants Bryson and Mission Hospital filed their Motion to Dismiss. [Doc. 19]. On May 21, 2020, the Plaintiff filed his Motion for Equitable Tolling. [Doc. 35]. On October 9, 2020, Judge Metcalf issued a Memorandum and Recommendation regarding the Motions to Dismiss and the Plaintiff's Motion for Equitable Tolling. [Doc. 63]. Judge Metcalf also issued an Order denying, *inter alia*, the Plaintiff's Motion for Leave to file an Amended Complaint. [Doc. 62].

On October 22, 2020, the Plaintiff filed a Motion for Reconsideration of the Magistrate Judge's Order denying the Plaintiff's Motion for Leave to Amend the Complaint. [Doc. 66]. He further voluntarily dismissed without prejudice all claims against Defendants John Doe, Robin Bryson, Mission Hospital, and Hospital Does 1-10 and of all of the Fourteenth Amendment

claims. [Docs. 67; 70]. On October 26, 2020, the Plaintiff filed a Motion to Strike. [Doc. 72].

## II. THE MEMORANDUM AND RECOMMENDATION

### A. Standard of Review

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual findings or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

### B. Discussion

Pursuant to 28 U.S.C. § 636(b), the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendants' motions to dismiss and the Plaintiff's Motion for Equitable Tolling and to submit to this Court a recommendation for the disposition of these motions. On October 9, 2020, Judge Metcalf issued a Memorandum and Recommendation regarding the Motions to Dismiss and the Plaintiff's Motion for Equitable Tolling. [Doc. 63].

The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. On October 22, 2020, the Plaintiff timely filed objections. [Doc. 65].

#### 1. Defendants Bryson and Mission Hospital's Motion to Dismiss

Subsequent to Judge Metcalf's Memorandum and Recommendation, the Plaintiff filed a voluntary notice of dismissal of all claims without prejudice against Defendants John Doe, Robin Bryson, Mission Hospital, and Hospital Does 1-10 under Federal Rule of Civil Procedure Rule 41(a)(1). [Doc. 67]. With the voluntary dismissal, Defendants Bryson and Mission Hospital's Motion to Dismiss and the portions of the Memorandum and Recommendation related thereto are now moot.

## 2. The Fourteenth Amendment Claims

The Plaintiff also filed a voluntary notice of dismissal of the Fourteenth Amendment Due Process claims against all Defendants. [Doc. 70]. With the voluntary dismissal of the Fourteenth Amendment Due Process claims the portions of Defendant Buncombe County's Motion to Dismiss and the Memorandum and Recommendation related to that claim are now moot.

## 3. Defendant Buncombe County's Motion to Dismiss and Plaintiff's Motion for Equitable Tolling

After the First Amended Complaint, Defendant Buncombe County moved to dismiss for failure to state a claim, in part, because the statute of limitations period had expired. [Doc. 14]. On May 21, 2020, the Plaintiff filed a Motion for Equitable Tolling. [Doc. 35]. In his Memorandum and Recommendation, the Magistrate Judge recommends that the Plaintiff's Motion for Equitable Tolling be denied and Defendant County's Motion to Dismiss be granted. [Doc. 63 at 26].

The Plaintiff objects to the Magistrate Judge's determination, reiterating his argument that his claims against Defendant Buncombe County are not time barred. [Doc. 65 at 11-13]. He objects both because of the equitable tolling doctrine and because of the relation back doctrine.

After a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law

5

relating to the Motion to Dismiss by Defendant Buncombe County and the Plaintiff's Motion for Equitable Tolling are correct and are consistent with current case law. Accordingly, the Court overrules the Plaintiff's objections related to these motions and accepts the Magistrate Judge's recommendation that the Defendant's motion to dismiss should be granted and the Plaintiff's Motion for Equitable Tolling should be denied.

## III. THE PLAINTIFF'S MOTION FOR RECONSIDERATION

On April 13, 2020, the Plaintiff moved for leave to amend the complaint for a second time in order to add additional defendants. [Doc. 17]. The Magistrate Judge considered the Motion and the response and denied the Motion to Amend as futile because the statute of limitations has expired. [Doc. 62 at 6]. The Plaintiff moves for reconsideration of Magistrate Judge's Order on the issue of amendment, essentially arguing that the issue was not properly before the Magistrate Judge because it is a dispositive motion. [Doc. 66 at 2].

Pursuant to 28 U.S.C. § 636(b)(1)(A), a Magistrate Judge is authorized to "hear and determine any pretrial matter" other than eight specifically excluded motions which are generally considered "dispositive motions."[1] The

---

[1] These eight excluded motions are motions "for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made

6

Magistrate Judge's ruling on these non-excluded pretrial matters must be sustained unless the ruling is "clearly erroneous or is contrary to law." Id.; see also Fed. R. Civ. P. 72(a) (addressing standard of review for "Nondispositive Matters"). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). The eight excluded matters may still be referred to a Magistrate Judge, but must be addressed by proposed findings and recommendations, which are subject to *de novo* review to the extent an objection is made. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Motions to amend pleadings are not among the eight motions excluded from 28 U.S.C. § 636(b)(1)(A). District courts in this Circuit and other appellate courts which have addressed this issue have concluded that motions to amend which are denied based on futility are subject to the same standard of review as other non-dispositive motions. See Everett v. Cherry, 671 F. Supp. 2d 819, 820 (E.D. Va. 2009) (reviewing the decision of a magistrate judge regarding a motion to amend under the "clearly erroneous

---

by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A).

7

standard"); Meisner v. Zymogenetics, Inc., No. 3:12-cv-00684-CMC-PJG, 2014 WL 4721680, at *2 (D.S.C. Sep. 22, 2014); Carlucci v. Han, 292 F.R.D. 309, 312 (E.D. Va. 2013); Hall v. Norfolk Southern Ry. Col, 469 F.3d 590, 595 (7th Cir. 2006) (finding the magistrate judge's denial of the motion to amend "was nondispositive, subject only to review for clear error"); Maurice v. State Farm Mut. Auto. Ins. Co., 235 F.3d 7, 9 n. 2 (1st Cir. 2000) (holding that "the magistrate judge had the authority to decide the motion to amend outright").

Under the Federal Rules of Civil Procedure, a plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit "ha[s] interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). Leave to amend is

8

Case 1:19-cv-00285-MR-WCM Document 79 Filed 03/29/21 Page 8 of 11

futile when the amended complaint would not survive a motion to dismiss. Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995).

The Magistrate Judge in this case denied the Plaintiff's motion to amend the compliant for a second time because such amendment would be futile. [Doc. 62 at 6]. Specifically, the Magistrate Judge concluded that the statute of limitations period had expired for the proposed additional claims against the proposed additional defendants. [Id. at 6-7]. After careful review the Magistrate Judge's Order [Doc. 62], and the Plaintiff's Motion for Reconsideration [Doc. 66], the Court concludes that the Magistrate Judge's Order is not clearly erroneous or contrary to law.[2] Accordingly, the Court denies the Plaintiff's Motion for Reconsideration.

## IV. THE PLAINTIFF'S MOTION TO STRIKE

The Plaintiff moves to strike the response to the Memorandum and Recommendation by Defendants Bryson and Mission Hospital. [Doc. 72]. Following the Plaintiff's voluntary dismissal of these Defendants, the Plaintiff's Motion to Strike is moot.

---

[2] Furthermore, even under the *de novo* standard the Court would conclude that the Magistrate Judge is correct in this determination. The statute of limitations period had run for the County and the additional County Defendants proposed would have no more notice than Defendant Buncombe County and the Plaintiff has offered no grounds that would support equitable tolling.

9

# O R D E R

**IT IS, THEREFORE, ORDERED,** that:

(1) The Plaintiff's Objections to the Memorandum and Recommendation [Doc. 65] are **OVERRULED**; the Memorandum and Recommendation [Doc. 63] is **ACCEPTED** except as to the part pertaining to a motion that is now **MOOT** as follows:

    (a) The portions of the Memorandum and Recommendation relating to Defendants Bryson and Mission Hospital's Motion to Dismiss and the portions relating to the Plaintiff's Fourteenth Amendment claims are **DEEMED MOOT**.

    (b) The remaining portions of the Memorandum and Recommendation are **ACCEPTED.**

(2) Defendants Bryson and Mission Hospital's Motion to Dismiss [Doc. 19] is **DENIED AS MOOT.**

(3) Defendant Buncombe County's Motion to Dismiss [Doc. 14] is **GRANTED IN PART and DENIED AS MOOT IN PART.** Specifically, the Motion to Dismiss is **DENIED AS MOOT** as to the Fourteenth Amendment Claims against Defendant Buncombe County and is **GRANTED** with respect to the Plaintiff's remaining claims and these claims are **DISMISSED**.

(4) The Plaintiff's Motion for Equitable Tolling [Doc. 35] is **DENIED**.

(5) The Plaintiff's Motion for Reconsideration [Doc. 66] is **DENIED**.

(6) The Plaintiff's Motion to Strike [Doc. 72] is **DENIED AS MOOT**.

(7) The Plaintiff having voluntarily dismissed all claims that are not being dismissed hereby, this Order serves to dismiss all remaining claims. The Court directs the Clerk to terminate this civil action.

**IT IS SO ORDERED.**

Signed: March 29, 2021

Martin Reidinger
Chief United States District Judge