THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00285-MR-WCM

| | |
|---|---|
| **BRO T. HESED-EL,** ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **JOHN DOE, ROBIN BRYON,** ) <br> **MISSION HOSPITAL, HOSPITAL** ) <br> **DOES 1-10,** and **COUNTY OF** ) <br> **BUNCOMBE,** ) <br> ) <br> Defendants. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the "Plaintiff's Motion for Relief from Judgment" [Doc. 82]; and the "Plaintiff's Motion to Strike Defendant's Response" to that Motion. [Doc. 84].

**I.     BACKGROUND**

On October 7, 2019, the *pro se* Plaintiff Bro T. Hesed-El (the "Plaintiff") filed a complaint against John Doe, Robin Bryon, Mission Hospital, and John/Jane Does 1-10 (the "Original Complaint") based on the Plaintiff's September 20, 2016 removal from the Biltmore Estate and subsequent involuntary commitment at Mission Hospital and its Copestone Facility ending October 6, 2016. [Doc. 1 at 2–3]. On February 20, 2020, the Plaintiff

filed his First Amended Complaint asserting claims against John Doe, Robin Bryson, Mission Hospital, and Buncombe County. [Doc. 8 at 2–3]. On March 27, 2020, Buncombe County ("the County") moved to dismiss the claims against it. [Doc. 14].

On April 13, 2020, the Plaintiff moved for leave to file a Second Amended Complaint which would include the addition of claims against Buncombe County Sheriffs. [Doc. 17]. On October 9, 2020, United States Magistrate Judge, the Honorable W. Carlton Metcalf issued a Memorandum and Recommendation recommending *inter alia* the County's Motion to Dismiss be granted because the claims against the County were barred by the statute of limitations. [Doc. 63]. Judge Metcalf also issued an Order denying the Plaintiff's Motion for Leave to file a Second Amended Complaint because the claims against the County Sheriffs were barred by the statute of limitations. [Doc. 62]. On October 22, 2020, the Plaintiff voluntarily dismissed the claims against Defendants John Doe, Robin Bryson, Mission Hospital, and Hospital Does 1-10 and of all of the Fourteenth Amendment claims. [Docs. 67; 70].

On March 29, 2021, over the Plaintiff's objections, the Court affirmed the Magistrate Judge's Order denying the Plaintiff's Motion for Leave to file

a Second Amended Complaint and accepting the Magistrate Judge's recommendation that the County's Motion to Dismiss be granted.[1] [Doc. 79].

On April 26, 2021, the Plaintiff filed the present "Motion for Relief from Judgment." [Doc. 82]. On April 11, 2021, the County responded. [Doc. 83]. On May 17, 2021, the Plaintiff filed his Motion to Strike the County's response. [Doc. 84]. On May 27, 2021, the County responded. [Doc. 87].

## II.   THE PLAINTIFF'S MOTION TO STRIKE

The Plaintiff moved to strike the County's response to the Plaintiff's Motion for Relief from Judgment. [Doc. 84]. The Plaintiff alleges that service of the Motion for Relief from Judgment was effectuated by email on April 26, 2021, and that, therefore, the County's response on May 11, 2021, was untimely. [Id. at 1].

Under Federal Rule of Civil Procedure Rule 5(b)(2) there are six authorized methods of service. These methods include "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person has consented to in writing," Fed. R. Civ. P. 5(b)(2)(E), and "delivering it by any other means that the person consented to in writing," Fed. R. Civ. P. 5(b)(2)(F).

---

[1] The Order accepted the recommendation in part, specifically denying as moot the portion referencing claims which had been voluntarily dismissed by the Plaintiff. [Doc. 79 at 4-5].

3

While the Plaintiff alleges that the County consented to service by email and has produced email correspondence that indicates that the parties have exchanged emailed copies of motions and responses, there is no evidence of consent in writing. The mere fact that email was used between the parties in the past is insufficient. The rules require that consent be clearly provided in writing and cannot be implied. See Fed. R. Civ. Pro. 5(b)(2) advisory committee's notes to the 2001 amendment (stating that "consent must be express, and cannot be implied from conduct"); see also Martin v. Deutsche Bank Sec. Inc., 676 F. App'x 27, 29 (2d Cir. 2017) (finding that there must be "consent in writing" that is "express") (citing Fed. R. Civ. Pro. 5(b)(2) advisory committee's notes to the 2001 amendment); O'Neal Constructors, LLC v. DRT Am., LLC, 440 F. Supp. 3d 1396, 1402 (N.D. Ga. 2020). As the County has not consented to email service, the County received service through the ECF notification on April 28, 2021, and, thus, had until May 12, 2021, to respond to the Plaintiff's Motion. The Plaintiff's Motion to Strike is, therefore, denied.

## III. MOTION FOR RECONSIDERATION

### A. STANDARD OF REVIEW

Motions for relief or reconsideration of a final judgment or order may be filed pursuant to Federal Rule of Civil Procedure 59 or 60.

4

Case 1:19-cv-00285-MR-WCM   Document 89   Filed 07/23/21   Page 4 of 10

Notwithstanding the Plaintiff's citation to Rule 60(b), the Court construes the Plaintiff's Motion as arising under both Rule 60(b) and Rule 59(e) because it was filed within twenty-eight days of the entry of the Order. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 (4th Cir. 2010); MLC Automotive, LLC v. Town of Southern Pines, 532 F.3d 269, 277 (4th Cir. 2008) (citing Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978)) (holding that "if a post-judgment motion is filed within [twenty-eight] days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled").

A court has the discretion to alter or amend a judgment pursuant to a motion brought under Rule 59(e) in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. International Chemical Workers Union, 34 F.3d 233, 236 (4th Cir.1994)). "[R]ule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id.

Federal Rule of Civil Procedure 60(b) allows a court to enter an order providing relief from a final judgment or order under based on mistake, newly discovered evidence, fraud or misconduct by an opposing party, a void

5

judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The movant must demonstrate "that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside." Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987). The movant has the burden to establish the grounds set forth in the motion and such grounds "must be clearly substantiated by adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (quoting Thomas v. Colorado Trust Deed Funds, Inc., 366 F.2d 136, 139 (10th Cir. 1966)). Relief under Rule 60(b) is an "extraordinary remedy" to be applied only in "exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979).

**B.   DISCUSSION**

The Plaintiff moves to set aside the judgment in this case based on "mistake or inadvertence." [Doc. 82 at 1]. The Plaintiff asserted claims against the County in the First Amended Complaint [Doc. 8] and the County and the County Sheriff[2] in the Proposed Second Amended Complaint. [Doc. 17-1]. The Court found these claims were barred by the statute of limitations.

---

[2] The Plaintiff's Proposed Second Amended Complaint included claims against Jack Van Duncan "Former Sheriff of Buncombe County" in his individual and official capacities and Quentin Miller "Sheriff of Buncombe County" in his official capacity. [Doc. 17-1 at 4]. In his Motion for Relief from Judgment, the Plaintiff refers to the "County Sheriff" and the "Sheriff" without indicating to whom he is referring. [Doc. 82].

6

[Doc. 79]. The Plaintiff argues that the claims against the County and the County Sheriff "related back" to the timing of the Original Complaint, citing to the Federal Rules of Civil Procedure Rule 15(c)(1)(C). [Doc. 82-1 at 2-3].

"When proposed claims in an amendment are barred by the statute of limitations, [Federal Rule of Civil Procedure] 15(c) provides for the relation back of amendments to the original pleading under certain circumstances." United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). If "the amendment changes the party or the naming of the party against whom a claim is asserted" the amendment relates back to the date of the original, timely filed complaint if three conditions are met: (1) the amendment arises out of the same "conduct, transaction, or occurrence set forth . . . in the original pleading;" (2) the new party received adequate notice of the lawsuit within the 90-day period provided by Rule 4(m) so as to not be "prejudiced in maintaining a defense on the merits;" and (3) the new party knew or should have known that "but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed. R. Civ. P. 15(c)(1)(C); see also Goodman v. PraxAir, Inc., 494 F.3d 458, 470 (4th Cir. 2007) (laying out the elements of the rule). "[T]he burden is on the plaintiff to prove that Rule 15(c) is satisfied." Covey v. Assessor of Ohio Cty., 666 F. App'x 245, 247-48 (4th Cir. 2016) (citations omitted).

7

At bottom, the Rule 15(c)(1)(C) relation back inquiry looks at "whether the plaintiff made a mistake in failing to name a party, in naming the wrong party, or in misnaming the party in order to prosecute his claim as originally alleged." Goodman, 494 F.3d at 471. When a Plaintiff makes "a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties" is not a "mistake" enabling relation back under Rule 15(c). Tatum v. RJR Pension Inv. Comm., 761 F.3d 346, 372 (4th Cir. 2014) (citing Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 549 (2010)).

The Plaintiff argues that relation back is appropriate here because the Original Complaint included claims against ten "'unidentified state actors' of 'Buncombe County'" and the County and the Sheriff were "clearly" included "in the body of the original complaint." [Doc. 82-1 at 5]. The amendments made in the First Amended Complaint and Proposed Second Amended Complaint, however, were not merely clerical or corrective but included totally new causes of action and legal theories in order to create claims against the County and the Sheriff. The Plaintiff has not shown that he merely made a mistake in failing to name the County or the Sheriff "in order to prosecute his claim as originally alleged." Goodman, 494 F.3d at 471. Instead, the Plaintiff's inclusions of references to the County and the County

8

Sheriff in the Original Complaint more indicates "a deliberate choice" not to assert claims against the County or the County Sheriff in the first instance. See Tatum, 761 F.3d at 372; Krupski, 560 U.S. at 549.

Even if the Plaintiff had replaced the names of the Doe defendants with the County or the Sheriff, the Fourth Circuit and "the majority of courts agree that Rule 15(c)[1] does not permit substitution for 'Doe' defendants after the limitations period has run." Goodman v. PraxAir, Inc., 494 F.3d 458, 470-71 (4th Cir. 2007) ("[N]aming Doe defendants self-evidently is no 'mistake' such that the Doe substitute has received proper notice."); see Locklear v. Bergman & Beving AB, 457 F.3d 363, 3667 (4th Cir. 2006). Instead, the Plaintiff must provide evidence that the newly named defendant knew that they would have been named in place of the Doe defendant but for a mistake. Goodman, 494 F.3d at 471. The Plaintiff has failed to meet his burden to produce any evidence that the County or the Sheriff "knew or should have known" that the action would have been brought against them, rather than the Doe defendants, but for an error. Goodman, 494 F.3d at 471; Wilkins v. Montgomery, 751 F.3d 214, 226 (4th Cir. 2014).

Therefore, the time of filing of the Plaintiff's First Amended Complaint and Proposed Second Amended Complaint did not relate back to the time of filing of the Original Complaint. As such, the Plaintiff has not established that

Court made either a mistake or a clear error of law in concluding the claims relate back for statute of limitation purposes under Rule 15(c)(1)(C). <u>Hill</u>, 277 F.3d at 708; <u>Park Corp.</u>, 812 F.2d at 896. The Plaintiff's Motion for Relief from Judgment is denied.

## ORDER

**IT IS, THEREFORE, ORDERED,** that the Plaintiff's Motion for Relief from Judgment [Doc. 82] is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Strike [Doc. 84] is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 22, 2021

Martin Reidinger
Chief United States District Judge